By the Court, Bronson, J.
In the view which I am about to take of the case, it will not be necessary to decide the question which was so ably discussed on the argument. I shall assume, without expressing any opinion on the point, that Richards &. Selden are right in saying, that the attachments created no lien on the real estate, and that the lien only commenced when the judgments were recovered and docketed.' The case will then stand thus: Richards & Selden had the first lien; the American Exchange Bank had the second; and then came a third lien, being another judgment in favor of Richards & Selden. The bank sold the real estate under the judgment in its favor, which might well be done, although that was not the oldest lien. The purchaser took the property subject to the prior lien. Richards it Selden then redeemed under a judgment which was junior to both the others, and they now seek to recall the money which they voluntarily paid to the sheriff for the purpose of making the redemption. I see no principle upon which that can be done. They claim the money on the ground that they have the oldest lien. That is true as to the first of the two judgments which they obtained; but the lien of that judgment has not been affected by the sale under the bank judgment and the redemption from that sale. The lien still continues, and Richards & Selden are at liberty to enforce it by selling under the judgment whenever they think proper. As to the judgment under which they redeemed, they *365 stand in the same condition as though it had been recovered by a third person, and he had redeemed. Had such been the case, Richards & Selden would have no right to the money which the third person had paid. Their remedy would be by a sale under their judgment which was first docketed. And such is their remedy now. True, a sale may do them no good. But that is a matter which they should have considered before they parted with their money and took title under a junior judgment.
Although the fact is not stated in the moving papers, it appears from those in opposition to the motion that Richards & Selden issued an execution on their judgment and delivered it to the late sheriff on the 20th of July, 1842, eleven days after he had sold on the bank judgment. It is said that this was sufficient to entitle them to the money made by the sale; and The People v. The Ulster C. P., (18 Wend. 628,) is cited in support of the position. But the question in that case was upon the title to the surplus money on a sale after paying the judgment on which the sale was made. Here, the surplus money after satisfying the judgment under which the sale took place has been paid to Richards & Selden. The sheriff did not have the execution at the time, and of course did not sell by virtue of their judgment, and they could not reach any thing more than the surplus by the subsequent delivery of their execution to the sheriff. If their execution had been issued before, and the sheriff had sold under it, we must suppose that the land would have brought a much larger sum. As it was, the purchaser took the land subject to the prior lien of their judgment ; and I repeat, their remedy lies in a sale.
I shall say nothing about the supposed irregularity of issuing the execution to the late sheriff, for the reason that the counsel for Richards & Selden said they did not wish to press that point if the main question should be decided against them.
Motion denied.
The above motion was argued in December, 1843, and decided during the succeeding January term. At the special term *366 in February, 1844, the counsel for Richards & Selden obtained leave to re-argue the motion, when they contended, 1st, That no lien on the real estate of the defendants was acquired by the attachment, but only by the judgment; and 2d, That the sale in question was void, inasmuch as the ji. fa. was directed to and executed by the late sheriff, instead of the person then in office.
After argument, the case was held under advisement until May, 1844, when the following opinion was delivered.
By the Court, Nelson, Ch. J.
There can be no doubt, I think, that the lien dates from the seizure under the attachment, and not from the judgment; and that the sale in the present case was properly made by the officer who served the attachment.
The statute, after providing for the commencement of suits against foreign corporations by attachment, directs that the attachment shall be issued to the sheriff of the county in which any property of the corporation may be, “ commanding him to attach and safely keep all the estate, real and personal, of such corporation." (2 R. S. 375, §§ 15,16, 2d ed.) The attachment is to be executed in the manner prescribed by law in case of attachments against absent debtors; and the sheriff is required to make and return an inventory, and “ keep the property seized by him, or the proceeds of such as shall have been sold, to answer any judgment which may be obtained in such suit." (Id. 376, § 21.) The next section provides for an immediate sale of perishable articles, and of certain other property which is specified, such as vessels &c., after which it is declared that, if judgment be rendered for the plaintiff, and an execution issued thereon, the sheriff “ shall pay over to such plaintiff the proceeds of all sales of perishable property, or of any vessel &c., or so much thereof as may be necessary to satisfy such execution ; and if any balance remain due, he shall sell under such execution, so much of the property of such corporation remaining in his hands, as may be necessary to satisfy such balance." (Id. § 24.)
*367 It is apparent from these several provisions that the property-attached, both real and personal, is to be held under the attachment by the officer, from the time of the seizure, until the rendition of the judgment, in order that it may be applied in satisfaction of the debt; and that the right thus to apply the property relates back to the seizure. The proceedmg to judgment is a mode of liquidating the demand of the attaching creditor with a view to such application, instead of appointing trustees for that purpose, as in the case of absent or absconding debtors.
This conclusion is confirmed, if confirmation were necessary, by the following provision of the statute: “ If there be more than one attachment issued against any foreign corporation, in behalf of several plaintiffs, at the same term, or during the same vacation of a term, and judgments be rendered in favor of such plaintiffs, the court shall apportion the proceeds arising from the sale of the defendant’s property, among the said plaintiffs, in proportion to the amount of their respective judgments.” (2 R. S. 377, § 30, 2d ed.) In all other cases it is clear that the seizure must determine the right of application.
The next question is, as to the officer who may execute the ji. fa. It appears to me that the provisions of the statute already referred to indicate the sheriff making the seizure as the one who should complete the proceedings. The property is in his custody, and he is to keep it safely, in the language of the legislature, to answer any judgment which may be obtained in the suit. And there is no clause in this or any other statute, providing for a change of custody upon the coming hi of the new sheriff On the contrary, it is provided by 2 R. S. 357, § 72, 2d ed., that the former sheriff shall deliver to his successor all executions, attachments and final process, except such as the said former sheriff shall have executed, or shall have begun to execute, by the collection of money thereon, or by a levy on property in pursuance thereof. By § 74 of the same statute, the former sheriff is required to return in his own name all writs of capias ad respondendum &c., all attachments and all executions which he shall have fully executed; and he is authorized to proceed and complete the execution of all final *368 process and attachments which he shall have begun to execute, by a collection of the money thereon or by a levy on property in pursuance thereof
As no provision is found for delivering over property seized by the former sheriff in cases like the present, it is clear that he must retain it under the attachment until judgment is obtained, notwithstanding his term of office has expired. And he is not only required to keep it till then, but is to pay over to the plaintiff, in case judgment is obtained, the proceeds of all sales of perishable property, vessels &c.; and if any balance remains due, the sheriff is to sell so much of the property remaining in his hands as shall satisfy such balance.
I think th.efi.fa. in the present case was properly directed to and executed by the person who served the attachment, and. that the sale was regular. The motion should therefore be denied.
Ordered accordingly.